# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET DAVIDSON,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., LANDSAFE TITLE CORPORATION, RECONTRUST COMPANY, N.A. AS TRUSTEE, and  DOE'S 1-5,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 09-CV-2694-IEG (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 7] |

   Presently before the Court is Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP, Mortgage Electronic Registration System, Inc., Landsafe Title Corporation, and ReconTrust Company, N.A.'s ("Defendants") motion to dismiss Plaintiff Harriet Davidson's ("Plaintiff") Complaint. (Doc. No. 7.)

   Plaintiff filed an opposition, and Defendants filed a reply. Defendants' motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court grants in part and denies in part Defendants' motion to dismiss.

//

//

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's Complaint. On or about February 13, 2007, Plaintiff entered into two promissory notes ("Notes") in the total amount of $528,650 secured by property located at 3731 Ruette De Ville, San Diego, California 92130 ("the Property"). Two deeds of trust ("Trust Deeds") were recorded on February 21, 2007.

Defendant Countrywide Home Loans, Inc. ("Countrywide") is the original lender under the Notes and the current beneficiary of record. Defendant BAC Home Loans Servicing, LP ("BAC") is purportedly the current servicer. Defendant Mortgage Electronic Registration System, Inc. ("MERS") is named as the beneficiary under the Trust Deeds as nominee for Countrywide. Defendant ReconTrust Company, N.A. ("ReconTrust") is named as the trustee of the Trust Deeds. Defendant LandSafe Title Corporation ("LandSafe") is purportedly the "attorney in fact" for ReconTrust.

On May 8, 2009, LandSafe published and recorded a Notice of Default and Election to Sell against the Property. The trustee sale was scheduled for December 2, 2009.

On October 9, 2009, Plaintiff submitted a Qualified Written Request to BAC, requesting copies of the loan documents. BAC allegedly has not responded to the request. Plaintiff further alleges that on the same day, Plaintiff's counsel submitted a demand letter to BAC pursuant to California Civil Code § 2943, and BAC allegedly has not responded.

The basis for Plaintiff's claims is that the Notes are unsecured as a result of being "bundled with other notes and sold as mortgage-backed securities or otherwise assigned and split from the Trust Deeds." (Compl. ¶ 23.) Plaintiff contends therefore, that none of the Defendants have an interest in the Trust Deeds or the Property, and have no authority to foreclose.

## PROCEDURAL HISTORY

On December 2, 2009, Plaintiff filed the Complaint, which sets forth four causes of action: (1) violation of the Real Estate Settlement Procedures Act, (2) violation of California Civil Code § 2943, (3) quiet title, and (4) declaratory relief.[1] (Doc. No. 1.) In addition to damages and attorney's fees and costs, Plaintiff seeks a determination of title in favor of Plaintiff and an order releasing the Trust

---

[1] Plaintiff's Complaint also states that this is an action asserting violations of the Truth in Lending Act, Regulation Z, the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act, but contains no allegations relating to these causes of action (Compl. ¶ 8.)

1  Deeds and stopping the trustee sale.

2  On December 23, 2009, Defendants filed the instant motion to dismiss the Complaint for
3  failure to state a claim, seeking dismissal of all four causes of action. (Doc. No. 7.)

## DISCUSSION

I.  Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

II.  Analysis

A.  Violation of the Real Estate Settlement Procedures Act

Plaintiff's first cause of action is for violation of the Real Estate Settlement Procedures Act

1  ("RESPA"), 12 U.S.C. §§ 2601-2617 (2009), which protects consumers from unnecessarily high
2  settlement charges and abusive mortgage practices. Plaintiff alleges "[o]n October 9, 2009, [Plaintiff's
3  previous counsel] properly submitted a Qualified Written Request ("QWR") to Servicer pursuant to
4  12 U.S.C. § 2605 in which he requested copies of the Loan documents," and there has been no
5  response. (Compl. ¶¶ 19-20.)

6       Pursuant to RESPA, a borrower may send a QWR to the loan servicer of a federally related
7  mortgage loan requesting information relating to the servicing of such loan. A "QWR" is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that --
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

13  Id. § 2605(e)(1)(B). Defendants argue that Plaintiff's allegations are insufficient because Plaintiff did
14  not attach the alleged QWR to the Complaint, nor allege facts showing that the QWR met the statutory
15  requirements.

16       In response, Plaintiff attaches a copy of the QWR to her opposition. (Pl.'s Not. of Ex.
17  Attachment, Ex. A.) Plaintiff also attaches a letter from BAC in response to the QWR, dated January
18  11, 2010. (Pl.'s Opp'n, Ex. A.) Defendants point out that Plaintiff has not attached the QWR or
19  January 11, 2010 letter to the Complaint, nor alleged any of the facts contained in the documents.
20  Defendants argue that the Court may not consider these two documents without converting this motion
21  to a motion for summary judgment. In ruling on a motion to dismiss for failure to state a claim, "a
22  court may generally consider only allegations contained in the pleadings, exhibits attached to the
23  complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763
24  (9th Cir. 2007). Additionally, "a court may consider a writing referenced in a complaint but not
25  explicitly incorporated therein if the complaint relies on the document and its authenticity is
26  unquestioned." Id. (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998), *superseded by*
27  *statute on other grounds as stated in* Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006)). This
28  cause of action is based on the QWR and Plaintiff's Complaint refers explicitly to it. The authenticity

1 of the QWR is not in dispute. Therefore, the Court may properly consider it in deciding the motion
2 to dismiss. The January 11, 2010 letter, however, is not referenced in the Complaint, and the Court
3 declines to consider it.

4       The attached QWR is a written correspondence that identifies Plaintiff's name, loan number,
5 and Property address, and contains specific document requests "based on a dispute of the amount
6 alleged to be due and owning contained in the Notice of Default." (Pl.'s Not. of Ex. Attachment, Ex.
7 A.) Plaintiff attaches a U.S. Postal Service Certified Mail Receipt indicating she mailed it to BAC on
8 October 9, 2009. (Pl.'s Not. of Ex. Attachment, Ex. A.)  Defendants do not argue that the QWR does
9 not comply with § 2605(e)(1)(B).

10       Defendants argue that the QWR is untimely. This argument fails. Defendants contend that
11 Plaintiff was required to send the QWR within one year of the loan dates, citing to 24 C.F.R. §
12 3500.21(e)(2)(ii), which states: "A written request does not constitute a qualified written request if
13 it is delivered to a servicer more than 1 year after . . . the date of transfer of servicing [or other
14 circumstances not applicable here]." Defendants interpret the regulation to mean that when the loan
15 servicing has never been transferred, a borrower can only make a QWR to the loan servicer within the
16 first year after entering into a loan. This interpretation is unsupported by the language of the statute.

17       Finally, Defendants argue that BAC had 60 days after the receipt of Plaintiff's QWR to
18 respond, but that the 60 days could not have elapsed by the time Plaintiff filed the Complaint on
19 December 2, 2009.[2] Plaintiff, however, contends BAC was required to respond within 20 days. Both
20 parties are correct. The parties are referring to two different statutory requirements: the loan servicer
21 must provide a written response acknowledging receipt of the QWR within 20 days, 12 U.S.C. §
22 2605(e)(1), and the loan servicer must take certain action within 60 days after receipt of the QWR,
23 id. § 2605(e)(2). Failure to comply with either provision is a violation of the statute. See id. §
24 2605(f).

25       Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's claim for violation
26 of RESPA.

27 //

28

---

[2]Defendants incorrectly state that Plaintiff filed the Complaint on November 23, 2009.

B. <u>Violation of California Civil Code § 2943</u>

Plaintiff's second cause of action is for violation of California Civil Code § 2943(b)(1), which provides:

> A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement.

Cal. Civ. Code § 2943(b)(1). Plaintiff alleges she "caused a Demand Letter to be mailed to Servicer certified mail return receipt requested on October 9, 2009," and BAC has not responded. (Compl.¶¶ 46-47.) Defendants argue that Plaintiff has not alleged facts showing she sent a letter that complied with Section 2943, and has not attached the demand letter. In response, Plaintiff attaches a copy of the demand letter to her opposition. (Pl.'s Not. of Ex. Attachment, Ex. B.) This cause of action is based on the demand letter, and Plaintiff's Complaint explicitly refers to it. The authenticity of the letter is not in dispute. Therefore, the Court may properly consider it in deciding the motion to dismiss. See <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).

The letter does not comply with Section 2943(b)(1), which provides that a "beneficiary" is required to deliver a beneficiary statement. Cal. Civ. Code § 2943(b)(1). A "beneficiary" is defined as "a mortgagee or beneficiary of a mortgage or deed of trust, or his or her assignees." <u>Id.</u> § 2943(a)(1). Plaintiff alleges Countrywide is the current beneficiary. (Compl. ¶ 2.) However, Plaintiff alleges she sent the letter to the alleged servicer, BAC. (Compl. ¶¶ 4, 21.)

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claim for violation of California Civil Code § 2943(b)(1).

C. <u>Quiet Title</u>

Plaintiff's third cause of action is for quiet title pursuant to California Code of Civil Procedure § 760.020, which provides that a party may bring an action to establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 761.020 (2009). The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to." <u>Newman v. Cornelius</u>, 83 Cal. Rptr. 435, 437 (Ct. App. 1970).

1  Defendants argue that Plaintiff fails to allege "she has lost any title, right, or interest in the
2  Property as a result of wrongful acts committed by each of the defendants," citing to Section 761.020.
3  Defendants, however, point to no language in the statute requiring Plaintiff to allege she lost her
4  interest in the Property. The statute only requires there be adverse claims to the title.[3] See Cal. Civ.
5  Proc. Code § 761.020 (2009). Plaintiff alleges: "The adverse claims to the title to the Property are the
6  Notice of Default and Election to Sell, the Trust Deeds, and the Notice of Trustee Sale . . . ." (Compl.
7  ¶ 51.)

8            1.       <u>Countrywide's Interest in the Property</u>

9  Plaintiff alleges none of the Defendants have any interest in the Property because the Notes
10 were "bundled with other notes and sold as mortgage-backed securities or otherwise assigned and
11 split from the Trust Deeds." (Compl. ¶ 23.) Plaintiff alleges that "[w]hen the note is split from the
12 trust deed, 'the note becomes, as a practical matter, unsecured.'" (Compl. ¶ 24.) As a result, Plaintiff
13 contends Countrywide has no interest in the Property.

14 Defendants argue that Plaintiff's claim is not supported by any factual allegations or the law.
15 The Court agrees. Plaintiff fails to allege facts supporting her claim that the Notes were bundled with
16 other notes and sold as mortgage-backed securities, and she fails to explain how that activity would
17 lead to the conclusion that none of the Defendants have an interest in the Property. See, e.g., <u>Benham</u>
18 <u>v. Aurora Loan Services</u>, 2009 WL 2880232, at *3 (N.D. Cal. 2009) (rejecting the argument that
19 companies like MERS lose their power of sale pursuant to the deed of trust when the original

---

[3] Section 761.020 provides that a complaint for quiet title shall include the following:

(a) A description of the property that is the subject of the action. . . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any.

(b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . .

(c) The adverse claims to the title of the plaintiff against which a determination is sought.

(d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

(e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020.

promissory note is assigned to a trust pool).

Plaintiff also fails to allege facts supporting her claim that the Notes were assigned and split from the Trust Deeds.[4] In any event, Plaintiff's argument that the Notes would necessarily become unsecured as a result is unpersuasive. It is well established that when a note secured by a mortgage is transferred, "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." Carpenter v. Longan, 83 U.S. 271, 275 (1872); see also Cal. Civ. Code § 2936 ("The assignment of a debt secured by mortgage carries with it the security.") Thus, transfer of the note without the mortgage does not cause the mortgage to become null, nor the note to become unsecured; the mortgage automatically follows the note. On the other hand, a transfer of the note with a retention of the mortgage is possible, but only if the transferor and transferee so agree. RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4, comment b (1997). In that case, the effect of such a transfer "is to make it impossible to foreclose the mortgage, and hence to make it practically a nullity, unless the transferor is also made the transferee's agent or trustee with authority to foreclose in the transferee's behalf." Id. Plaintiff has not alleged any facts suggesting this latter situation is the case here.

### 2. ReconTrust's and LandSafe's Interests in the Property and Authority to Foreclose

Plaintiff's claim that neither ReconTrust nor Landsafe have the authority to foreclose also fails. Plaintiff alleges ReconTrust was appointed trustee by a party (Countrywide) having no remaining interest in the Notes or Trust Deeds. (Compl. ¶ 33.) This argument is unavailing for the reasons stated above.

Plaintiff further alleges ReconTrust's appointment as trustee is in contradiction to the terms of the Trust Deeds, and there is no provision in the Trust Deeds for appointment of LandSafe as "attorney in fact to act as trustee." (Compl. ¶¶ 34, 30.) As Defendants point out, California Civil Code Section 2924(a)(1), which sets forth the comprehensive statutory scheme governing trustee sales,

---

[4]Plaintiff points to the January 11, 2010 letter from BAC, attached to her opposition, which states that the "current owner of the note is Wells Fargo Bank, N.A." (Pl.'s Reply, Ex. A.) Plaintiff argues that without concurrent assignment of the Trust Deed to Wells Fargo, the Trust Deed became null and the Note became unsecured. As discussed before, the Court may not properly consider this letter in deciding the motion to dismiss.

1  permits the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary or any of
2  their authorized agents." Cal. Civ. Code § 2924(a)(1).  Plaintiff points to no provision in the Trust
3  Deeds preventing Recontrust, as trustee, or Landsafe, as "attorney in fact" for ReconTrust, from
4  initiating foreclosure. (Compl. ¶ 30.)

5  In the alternative, Plaintiff contends LandSafe "acted without authority" of ReconTrust.
6  (Compl. ¶ 35.)  Plaintiff does not provide any factual basis for this claim.

### 3. MERS' Authority to Foreclose

Finally, Plaintiff's claim that MERS does not have authority to foreclose also fails. Plaintiff alleges MERS "is a nominee only, has no interest in the Notes, and therefore no authority to initiate the sale of the Property." (Compl. ¶ 27.)  Defendants argue that MERS, which is named as a beneficiary under the Trust Deeds as nominee for Countrywide, was entitled to initiate foreclosure under California Civil Code § 2924(a)(1), which permits the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents." Cal. Civ. Code § 2924(a)(1). Courts have been clear to allow MERS, as the nominee of the lender, to conduct the foreclosure process when, as here, there is a power of sale provision. Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (citing cases); see also Morgera v. Countrywide Home Loans, Inc., 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (citing cases where courts have determined MERS has standing to foreclose as the nominee of the lender).  The first Deed of Trust submitted by Defendants states that MERS has the "right to foreclose and sell the Property."[5]  (Def.'s Req. for Jud. Notice, Ex. A.)

Plaintiff also argues that when the original lender transfers the note, MERS as nominee is no longer an authorized agent of the note holder. While that may be the case, there are no facts in the Complaint supporting this theory.

//

---

[5] The Court grants Defendant's request for judicial notice of the First Deed of Trust, recorded in the San Diego County Recorder's Office on February 21, 2009. (Def.'s Req. for Jud. Notice, Ex. A.) This document is a public record properly subject to judicial notice under Federal Rule of Evidence 201. A court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by* Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

E.   Declaratory Relief

Plaintiff requests a "declaration of the parties' rights under the Notes and Trust Deeds" and a "declaration of her rights considering LandSafe lacks authority to foreclose." (Compl. ¶¶ 57-58.) Because the Court's determination of Plaintiff's quiet title cause of action resolves these issues, the Court grants the motion to dismiss Plaintiff's cause of action for declaratory relief.

F.   Tender of Loan Proceeds

Defendants assert that Abdallah v. United Savings Bank, 51 Cal. Rptr. 2d 286 (Ct. App. 1996) and Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (Ct. App. 1984) require Plaintiff to tender the amount of the indebtedness in order to bring claims for quiet title and declaratory relief challenging the foreclosure sale. Plaintiff contends that this case is different because Arnolds involved irregularities in sale procedure, whereas Plaintiff argues that the Trust Deeds themselves are invalid. Because Plaintiff's causes of action for quiet title and declaratory relief fail for reasons unrelated to tender, as explained above, the Court need not address this argument.

## CONCLUSION

The Court HEREBY GRANTS Defendants' motion to dismiss with prejudice as to Plaintiff's cause of action for violation of California Civil Code § 2943(b)(1); GRANTS the motion to dismiss without prejudice as to Plaintiff's causes of action for quiet title and declaratory relief; and DENIES the motion to dismiss as to Plaintiff's cause of action for violation of RESPA.

Plaintiff may amend the Complaint to cure the deficiencies set forth in this Order. Plaintiff shall file the amended complaint **no later than 20 days** from the filing date of this order.

**IT IS SO ORDERED.**

**DATED: March 16, 2010**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**