1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  HARRIET DAVIDSON,                        CASE NO. 09-CV-2694-IEG (JMA)

12                          Plaintiff,       **ORDER GRANTING IN PART
                                             AND DENYING IN PART
13         vs.                               DEFENDANTS' MOTION TO
                                             DISMISS FIRST AMENDED
14  COUNTRYWIDE HOME LOANS, INC.,            COMPLAINT**
    BAC HOME LOANS SERVICING, LP,
15  MORTGAGE ELECTRONIC                      [Doc. No. 7]
    REGISTRATION SYSTEM, INC.,
16  LANDSAFE TITLE CORPORATION,
    RECONTRUST COMPANY, N.A. AS
17  TRUSTEE, and  DOE'S 1-5,

18                          Defendants.

19

20         Presently before the Court is Defendants Countrywide Home Loans, Inc., BAC Home

21  Loans Servicing, LP, Mortgage Electronic Registration System, Inc., Landsafe Title Corporation,

22  and ReconTrust Company, N.A.'s (collectively, "Defendants") motion to dismiss Plaintiffs Harriet

23  Davidson and KAP CA, LLC (collectively, "Plaintiffs") First Amended Complaint.  (Doc. No. 27.)

24         Plaintiffs filed an opposition, and Defendants have not filed a reply.  This motion is

25  suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the

26  reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Defendants' motion

27  to dismiss.

28  //

- 1 -

09cv2694

## **FACTUAL BACKGROUND**

The following facts are drawn from Plaintiffs' First Amended Complaint ("FAC").  On or about February 13, 2007, Plaintiff Harriet Davidson ("Davidson") obtained two loans in the total amount of $528,650, secured by property located at 3731 Ruette De Ville, San Diego, California 92130 ("the Property").  Two deeds of trust were recorded on February 21, 2007.

Davidson applied for the loans with Kate Sappenfield, an agent for Defendant Countrywide Home Loans, Inc ("Countrywide").  Plaintiffs alleges Countrywide, through its agent, misrepresented the loan terms, failed to make certain disclosures or made inaccurate disclosures, and fraudulently induced Davidson into obtaining loans for which she was not qualified.

On October 9, 2009, Davidson mailed a "qualified written request" to Defendant BAC Home Loans Servicing, LP ("BAC"), requesting information related to the servicing of the loans.  Plaintiffs allege BAC did not acknowledge receipt of the request within 20 days or take action within 60 days, as required by federal law.  On October 14, 2009, Davidson mailed a written notice of rescission of the loans to BAC.  Davidson mailed an amended notice of rescission on February 10, 2010.

On May 8, 2009, Defendant LandSafe Title Corporation ("LandSafe") published and recorded a Notice of Default ("NOD") and Election to Sell against the Property.  The NOD listed the information of BAC, as agent for Defendant Mortgage Electronic Registration System, Inc. ("MERS").

On November 16, 2009, a Notice of Trustee's Sale was recorded against the Property.  On May 13, 2009, Davidson conveyed title of the Property to Plaintiff KAP CA, LLC ("KAP") pursuant to a grant deed.  On July 21, 2009, Plaintiffs tendered a short sale offer to BAC based upon the Property's reasonable market value, and BAC denied the offer.  The Trustee's Sale was scheduled for June 4, 2010.  Plaintiffs allege none of the Defendants have an interest in the deeds of trust or the Property, because the notes and deeds of trust have been split.  Therefore, none of the Defendants have authority to foreclose.

//

//

1

## PROCEDURAL HISTORY

2

On December 2, 2009, Davidson filed the Complaint, naming Defendants Countrywide, BAC,

3

MERS, ReconTrust Company, N.A., and LandSafe.  The Complaint alleged four causes of action: (1)

4

violation of the Real Estate Settlement Procedures Act ("RESPA"), (2) violation of California Civil

5

Code § 2943, (3) quiet title, and (4) declaratory relief.  (Doc. No. 1.)   On March 16, 2010, the Court

6

granted in part Defendants' motion to dismiss the Complaint for failure to state a claim, with respect

7

to all the claims except Plaintiff's RESPA claim, and granted leave to amend.  (Doc. No. 23.)

8

On April 5, 2010, Plaintiffs timely filed the FAC.  The FAC added a new Plaintiff, KAP, and

9

a new Defendant, Wells Fargo Bank.[1]  The FAC alleges ten causes of action: (1) equitable wrongful

10

foreclosure; (2) cancellation of trust deeds; (3) quiet title; (4) violation of California Civil Code §

11

789.3; (5) violation of the Fair Debt Collection Practices Act; (6) violation of the Real Estate

12

Settlement Procedures Act, 12 U.S.C. 2605; (7) violation of the Truth and Lending Act ("TILA"); (8)

13

violation of California Business & Professions Code § 17200; (9) breach of fiduciary duty; and (10)

14

fraud in the inducement.[2]

15

On May 6, 2010, Defendants filed the instant motion to dismiss the FAC.  (Doc. No. 27.)

16

## DISCUSSION

17

**I.     Legal Standard**

18

A complaint must contain "a short and plain statement of the claim showing that the pleader

19

is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule 12(b)(6) of

20

the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.

21

Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept

22

all factual allegations pled in the complaint as true, and must construe them and draw all reasonable

23

24

---

25

[1]Plaintiffs allege the promissory note for the first loan was assigned and ultimately bundled
with other notes and sold to the certificate-holders of the Bear Stearns ARM Trust 2007-3.  Defendant

26

Wells Fargo is trustee for the Holders of Bear Sterans ARM Trust, and purports to currently own the
note.

27

[2]Defendants argue Davidson cannot add new parties and causes of action.  However, the new

28

party and claims relate to the same loans at issue in the original Complaint, and the Court declines to
grant Defendants' motion to dismiss on this basis.

inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,

337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed

factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949

(2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

conclusions" as true.  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  In spite of the

deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume

that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the

. . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State

Council of Carpenters, 459 U.S. 519, 526 (1983).

## II.   Analysis

### A.   Tender

Defendants contend Plaintiffs must tender the outstanding amount of debt in order to bring

their first, second, and third causes of action – for wrongful foreclosure, cancellation of the Trust

Deeds, and quiet title - which challenge the foreclosure of the Property.[3]

The Court agrees that tender is required to maintain these causes of action.  Under California

law, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity,

as a condition to his obtaining relief, by restoring to the defendant everything of value which the

plaintiff has received in the transaction." Fleming v. Kagan, 11 Cal. Rptr. 737, 740 (Ct. App. 1961);

---

[3]Plaintiffs' first cause of action against BAC, MERS, and Wells Fargo is for wrongful foreclosure, seeking an order stopping the Trustee's Sale.  The second cause of action is for cancellation of the Trust Deeds against BAC, MERS, and Wells Fargo.  The third cause of action is for quiet title against MERS and Wells Fargo.  These causes of action are based on Plaintiffs' claim that the notes and mortgages were split when the notes were assigned, leaving the debt unsecured.

see also Karlsen v. Am. Sav. & Loan Assn., 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.")  "The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant."  Fleming, 11 Cal. Rptr. at 740.  Also, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934).

Plaintiffs argue they have satisfied any tender requirement by tendering the reasonable value of the Property, which Defendants declined to accept, and that it would be inequitable to require tender of the full loan value.   However, the cases which Plaintiffs rely on for the proposition that tender of the reasonable value of the Property is sufficient do not support their position. See United States Cold Storage v. Great Western Savings & Loan Ass'n, 165 Cal.App.3d 1223 (1985) (explaining "the law is long-established that a *trustor* or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale.") (emphasis in original); American Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 822 (4th Cir. 2007) (holding "[t]he trial court properly denied rescission, given the appellants' inability to tender payment of the loan amount").  Plaintiff also relies on language from the rescission provision in TILA, 15 U.S.C. § 1635(b), but the causes of action for wrongful foreclosure, cancellation of trust deeds, and quiet title, are brought under California law, not TILA.

Accordingly, the Court grants the motion to dismiss as to Plaintiffs' first, second, and third causes of action.  Because it is possible for Plaintiffs to allege tender of the outstanding amount of the debt, these causes of action are dismissed without prejudice.

**B.**      **Violation of California Civil Code § 789.3**

Plaintiffs list violation of California Civil Code § 789.3 in the caption of the FAC, but the FAC itself does not contain any allegations relating to this provision.  Therefore, the Court dismisses this cause of action without prejudice.

**C.**      **Violation of the Fair Debt Collection Practices Act**

Plaintiffs' fourth cause of action (listed as fifth in the caption) is for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), against MERS and Wells Fargo.  Plaintiffs allege

these defendants "falsely represented the status of the debt, in particular, that it was due and owing to MERS at the time the NOD was filed when in fact the debt was unsecured."  (FAC ¶ 199.)

Defendants correctly argue that the activity of foreclosing on a property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA.  See, e.g., Diessner v. Mortgage Elec. Reg. Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002); Ricon v. Recontrust Co., 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009). As one court explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> . . . .
>
> Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

Hulse, 195 F. Supp. 2d at 1204.

Accordingly, because MERS' and Wells Fargo's actions are not covered by FDCPA, the Court dismisses Plaintiffs' cause of action for violation of the FDCPA with prejudice.

### D.      Violation of the Real Estate Settlement Procedures Act, Section 2605(e)

Plaintiff's fifth cause of action (listed as sixth in the caption) is for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), against BAC.

Pursuant to RESPA, a borrower may send a "qualified written request" ("QWR") to the loan servicer of a federally related mortgage loan requesting information relating to the servicing of such loan.  Id. § 2605(e)(1)(B).  If a loan servicer receives a QWR, it must "provide a written response acknowledging receipt of the correspondence within 20 days." Id. § 2605(e)(1)(A).  Then, the loan servicer must either correct the borrower's account, or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the loan servicer believes the account is correct, or (2) why the requested information is unavailable.  See id. § 2605(e)(2).

Here, Plaintiffs allege "[o]n October 9, 2009, [Davidson's previous counsel] properly submitted a Qualified Written Request ("QWR") to Servicer pursuant to 12 U.S.C. § 2605," which "requested

information regarding servicing." (FAC ¶¶ 125-26.)  Plaintiffs allege BAC did not acknowledge receipt of the QWR within 20 days or take action within 60 days.  (FAC ¶ 204.)

Defendants argue BAC took action with respect to the QWR within 60 days, as evidenced by a responsive letter from BAC, dated January 11, 2010, which is attached to the FAC.  (FAC, Ex. D.) This letter from BAC responds to the inquiries "which were consistent with 12 U.S.C. § 2605."  (FAC, Ex. D.)  This letter directly controverts Plaintiffs' claim that BAC failed to take action within 60 days, and Plaintiffs fail to allege BAC's response was insufficient.  Therefore, to the extent the RESPA claim is based on BAC's failure to respond within 60 days, Plaintiffs fail to state a claim.

However, Plaintiffs have sufficiently alleged Defendants' failure to acknowledge receipt of the QWR within 20 days, in violation of Section 2605(e)(1)(A).  Contrary to Defendants' assertions, Plaintiffs are not required to allege damage to establish a violation of Section 2605.  See id. § 2605(f) ("Whoever fails to comply with any provision of this section shall be liable to the borrower . . . .").

Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' claim for violation of RESPA, Section 2605.

**E.      Violation of the Real Estate Settlement Procedures Act, Section 2604**

Plaintiffs' sixth cause of action (not listed on the caption) is for violation of RESPA, 12 U.S.C. § 2604, against Countrywide.  Plaintiffs allege Countrywide failed to provide or did not timely provide certain disclosures required by Section 2604. (FAC ¶ 209.)

Section 2604(d) provides that lenders covered under RESPA shall provide certain information to each person from whom it receives an application to borrow money to finance the purchase of residential real estate.  12 U.S.C. § 2604(d).  The lender must provide this information no later than three business days after receiving the application.  Id.  In relevant part, Section 2604 requires lenders to provide a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement.  Id. § 2604(c).  In addition, Section 2607(c)(4) provides that in the case of an "affiliated business arrangement," involving a referral by a lender, the lender must provide disclosure "of the existence of such an arrangement to the person

being referred and a written estimate of the charge or range of charges generally made," at the time the estimates required under Section 2604(c) are provided.  Id. § 2607(c)(4).

Here, Plaintiffs allege Countrywide did not provide the required disclosure regarding affiliated business arrangements.  (FAC ¶ 144.)  Plaintiffs also allege the good faith estimates were not provided in a timely manner, as Davidson applied for the loans on January 11, 2007, and was not provided a good faith estimate until closing on February 13, 2007.  (FAC, Exs. O, P.)  Finally, Plaintiffs allege the good faith estimates do not provide the required disclosures and "do not bear a reasonable relationship to the final charges incurred as a result of the Loan Closing."  (FAC ¶ 144.)

Defendants request judicial notice of two Loan Application Disclosure Acknowledgements, signed and dated by Plaintiff on February 14, 2007, which indicate Plaintiffs received a "Affiliated Business Arrangement Disclosure Statement" in connection with each loan.[4]  (RJN, Exs. D, E.)  Plaintiffs do not contest the accuracy of these documents.  However, Defendants' arguments do not address Plaintiffs' allegations that the good faith estimates were untimely and inaccurate.

Therefore, the Court denies Defendants' motion to dismiss as to Plaintiffs' claim for violation of Section 2604, to the extent it is based on failure to provide timely and accurate good faith estimates.

### F.  Violation of the Truth and Lending Act

Plaintiffs' seventh cause of action is for rescission and damages under TILA, against Countrywide, MERS, and Wells Fargo.  The only issue addressed in Defendants' motion is whether Plaintiffs timely delivered notice of rescission pursuant to TILA, 15 U.S.C. § 1635.

Subject to certain statutory limitations, TILA provides that in the case of any consumer credit transaction in which the loan is secured by the principal dwelling of the obligor, the obligor has the right to rescind the transaction for a limited amount of time.  Id.  TILA and its regulations require "a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind."  Id. § 1635(a); 12 C.F.R. § 226.23(b)(1).  If the creditor provides such notice, TILA's

---

[4] "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998), *superseded by statute on other grounds as stated in* Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006)).

"buyer's remorse" provision allows borrowers three business days to rescind the loan without penalty. Id. § 1635(a).  If the creditor fails to deliver the notice, the borrower may rescind the loan within three years after it was consummated.  Id. § 1635(f); 12 C.F.R. § 226.23(a)(3).  The rescission period is also extended to three years if the lender fails to provide the borrower with "material disclosures."[1]  See id. § 1635(f); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).  The right of rescission expires at the latest, "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).

Plaintiffs allege Countrywide failed to disclose or did not accurately disclose the following information: (1) finance charges and yield spread premiums in the Truth in Lending Disclosure Statement ("TILDS") for the first loan; (2) a TILDS for the second loan; (3) the annual interest rate; (4) scheduled payment amounts and annual percentage rate in the Good Faith Estimate for the second loan; (5) the composite annual interest rate for the second loan, inasmuch as it has a discounted initial rate; and (6) the composite annual percentage rate for the second loan.  (FAC ¶¶ 147, 152, 153, 157.) Plaintiffs further allege they initially rescinded the loans in writing on November 10, 2009, which is within three years of the date of the loan transactions (February 13, 2007).[2]  (FAC ¶¶ 182, 216.)

Defendants argue Countrywide timely provided the notices of right to cancel and material disclosures, and therefore Davidson was required to rescind during the three-day rescission period. Defendants request judicial notice of documents indicating that Davidson received a TILDS for the first loan, which states the finance charge, and received the notices of right to counsel for the first and second loans.  (RJN, Exs. C, F, G.)  These disclosures were provided on February 14, 2007, before the loans closed on February 21, 2007.  (RJN, Exs. C, F, G.)

---

[1] The term "material disclosures" means "the information that must be provided to satisfy the requirements in § 226.6 with regard to the method of determining the finance charge and the balance upon which a finance charge will be imposed, the annual percentage rate, the amount or method of determining the amount of any membership or participation fee that may be imposed as part of the plan, and the payment information described in § 226.5b(d)(5)(i) and (ii) that is required under § 226.6(e)(2)."  12 C.F.R. § 226.15(a)(3).

[2] The Court notes the initial rescission letter is actually dated October 14, 2009, and the certified mail receipt is dated October 2009 (the exact date is illegible).  (FAC, Ex. AF.)  Also, Plaintiffs allege the amended rescission letter was sent on February 10, 2009 (FAC 216, but the amended rescission letter is dated February 10, 2010, and the certified mail receipt is dated February 10, 2010.  (FAC, Ex. AG.)

1  However,  Plaintiffs' allegations that Countrywide failed to provide material disclosures, or

2  provided inaccurate disclosures, if true, would allow Plaintiffs to rescind the loan within the three-year

3  rescission period.  See 15 U.S.C. § 1635(f); 12 C.F.R. § 226.15(a)(3).  The documents Defendants

4  have submitted are not conclusive on this issue.  Notably, Defendants did not produce a TILDS for

5  the second loan.

6  Accordingly, the Court denies Defendants' motion as to Plaintiffs' cause of action for violation

7  of TILA.

8  **G.      Violation of California Business & Professions Code § 17200**

9  Plaintiffs' eighth cause of action is for violation of California's unfair competition statute,

10  California Business & Professions Code §17200, against Countrywide.

11  Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal.

12  Bus. & Prof. Code § 17200.  Because Section 17200 is written in the disjunctive, it prohibits three

13  separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and

14  (3) fraudulent acts or practices.  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 83 Cal.

15  Rptr. 2d 548, 561 (Cal. 1999).  By proscribing "unlawful" acts or practices, "Section 17200 'borrows'

16  violations of other laws and treats them as unlawful practices independently actionable."  Id. at 539-

17  40.

18  The definition of "unfair" acts or practices in consumer actions is uncertain.  There are two

19  opposing lines of California appellate court opinions.  See, e.g., Morgan v. Harmonix Music Sys, Inc.,

20  2009 WL 2031765, at *4 (N.D. Cal. July 7, 2009) (noting the split in authority); Bardin v.

21  DaimlerChrysler Corp., 39 Cal. Rptr. 3d 634, 639-48 (Ct. App. 2006) (same).  "One line defines

22  'unfair' as prohibiting conduct that is immoral, unethical, oppressive, unscrupulous or substantially

23  injurious to consumers and requires the court to weigh the utility of the defendant's conduct against

24  the gravity of the harm to the alleged victim."  Id. (citing Smith v. State Farm Mut. Auto. Ins. Co. 113

25  Cal. Rptr. 2d 399, 415 (Ct. App. 2001).  "The other line of cases holds that the public policy which

26  is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be

27

28

tethered to specific constitutional, statutory, or regulatory provisions." <u>Bardin</u>, 39 Cal. Rptr. 3d at 636 (citing <u>Scripps Clinic v. Superior Court</u>, 134 Cal. Rptr. 2d 101, 116 (Ct. App. 2003)).

The term "fraudulent" as used in Section 17200 "does not refer to the common law tort of fraud" but only requires a showing that members of the public "are likely to be deceived." <u>Puentes v. Wells Fargo Home Mortg., Inc.</u>, 72 Cal. Rptr. 3d 903, 909 (Ct. App. 2008) (quoting <u>Saunders v. Superior Court</u>, 33 Cal. Rptr. 2d 438, 441 (Ct. App. 1994). "Unless the challenged conduct 'targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.'" <u>Puentes</u>, 72 Cal. Rptr. 3d at 909 (quoting <u>Aron v. U-Haul Co. of Cal.</u>, 49 Cal. Rptr. 3d 555, 562 (Ct. App. 2006)).

Plaintiffs allege Countrywide, through its agent, violated Section 17200 by (1)"fabricat[ing]" the loan applications; (2) concealing the fact that Davidson was not qualified for the loans, (3) failing to fully disclose loan terms, including misleading Davidson as to the terms of the second loan, (4) failing to make RESPA disclosures, (5) failing to make TILA disclosures, including failing to conspicuously disclose the annual percentage rate for the second loan.  Plaintiffs further allege Countrywide concealed the existence of a securitization scheme and payment of profits, kick-backs, and other financial incentives relating to the loans.  (FAC ¶ 229.)

The Section 17200 allegations are nearly identical to those allegations underlying Plaintiffs' causes of action for fraudulent inducement, violation of TILA, and violation of RESPA.  Therefore, the Court interprets those causes of action as the predicate violations of Plaintiffs' "unlawful" business act or practice claim.  Because these causes of action are not dismissed from the FAC,  they can serve as the predicate violations under the "unlawful" prong.  Although Defendants argue Plaintiffs fail to allege which defendants engaged in what conduct, Plaintiffs specifically allege Countrywide engaged in all the above conduct. (FAC ¶¶ 229.)  The Court further finds this conduct may also form the basis for Plaintiffs' claims of "unfair" and "fraudulent" business acts or practices.

Therefore, the Court denies the motion to dismiss as to the Section 17200 cause of action.

//

//

**H.     Breach of Fiduciary Duty**

Plaintiffs' ninth cause of action is for breach of fiduciary duty, against Countrywide. Plaintiffs allege Countrywide violated its fiduciary duty by failing to disclose material terms and "securing a secret profit."  (FAC ¶ 241.)

It is well established that a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.  Nymark v. Heart Fed. Sav. & Loan Assn., 283 Cal. Rptr. 53, 56 (Ct. App. 1991); see also Price v. Wells Fargo Bank, 261 Cal.Rptr. 735, 740 (Ct. App. 1989) (citing Downey v. Humphreys, 227 P.2d 484 (Cal. 1951)) ("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.").  "Without a fiduciary relationship, there can be no breach of fiduciary duty." Tina v. Countrywide, 2008 U.S. Dist. LEXIS, at *11, 2008 WL 4790906, at *4 (S.D. Cal. Oct. 30, 2008).  The case Plaintiffs rely on, Cicone v. URS Corporation, 183 Cal. App. 3d 194, 201 (1986), does not address the issue of fiduciary duty, and therefore does not compel a different result.

Plaintiffs allege Countrywide "exceeded its scope as a mere money lender" by "representing [Davidson's] interests" regarding the loan, modifying and presenting Davidson's information on the credit application, and making decisions regarding loan terms. (FAC ¶¶ 234, 235.)  However, this conduct does not exceed the scope of Countrywide's conventional role as a lender.

Accordingly, because Countrywide does not owe a fiduciary duty to Plaintiffs, the Court dismisses this cause of action with prejudice.

**I.     Fraud in the Inducement**

Plaintiffs' tenth cause of action is for fraud in the inducement against Countrywide.

Under California law, there are five elements of common law fraud: (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. Gil v. Bank of Am., N.A., 42 Cal. Rptr. 3d 310, 317 (Ct. App. 2006).  Federal Rule of Civil

1   Procedure 9(b) requires: "In all averments of fraud or mistake, the circumstances constituting

2   fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  In the Ninth Circuit, this

3   rule has been interpreted as requiring the plaintiff to allege "the who, what, when, where, and

4   how" of the misconduct charged.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir.

5   2003) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Plaintiffs must

6   allege circumstances constituting the alleged fraud that are "specific enough to give defendants

7   notice of the particular misconduct . . . so that they can defend against the charge and not just deny

8   that they have done anything wrong."  <u>Id.</u>   "[A] plaintiff must set forth more than the neutral facts

9   necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about

10  a statement, and why it is false." <u>Id.</u> (quoting <u>Decker v. GlenFed, Inc.</u> (In re GlenFed, Inc. Sec.

11  Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)).

12          Plaintiffs allege Defendants fraudulently induced Davidson into entering into loans she

13  could not afford by failing to disclose material information.  Plaintiffs allege Countrywide failed to

14  disclose the material terms of the loan by: (1)"fabricat[ing]" the loan application; (2) concealing

15  the fact that Davidson was not qualified for the Loans, (3) failing to fully disclose loan terms,

16  including misleading her as to the terms of the second loan, (4) failing to make RESPA

17  disclosures, (5) and failing to make TILA disclosures.  (FAC ¶ 246.)   Plaintiffs further allege

18  Countrywide concealed the existence of a securitization scheme.  (FAC ¶ 246.)   Plaintiffs allege

19  Countywide intended to induce Davidson into entering into the loans, and but for the failure to

20  disclose the true terms of the transaction, she would have been alerted to the risk of entering into

21  the loans.  (FAC ¶¶ 247-250.)

22          Defendants argue Plaintiffs have not pled this cause of action with particularity.  The Court

23  agrees that Plaintiffs fail to allege with particularity how Countrywide fabricated the loan

24  applications, and the allegation that Countrywide concealed the fact that Plaintiff was not qualified

25  for the loans is purely conclusory.  As Defendants argue, to the extent Plaintiffs base this claim on

26  the contention that Countrywide gave Davidson a loan she could not afford, this claim would fail.

27

28

See, e.g., Cross v. Downey Savings & Loan Ass'n, 2009 WL 481482 (C.D. Cal. Feb. 23, 2009) (explaining a lender has no duty to determine the borrower's ability to repay the loan).

However, Plaintiffs's FAC alleged with sufficient particularity the failure to fully disclose certain loan terms and make certain disclosures, as well as the purported securitization scheme. Defendants do not address these allegations, or explain how these allegations cannot form the basis for Plaintiffs' fraud in the inducement claim.

Therefore, the Court denies the motion to dismiss as to Plaintiffs' cause of action for fraud in the inducement.

### CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

The Court GRANTS the motion to dismiss WITHOUT PREJUDICE as to Plaintiffs' causes of action for: (1) wrongful foreclosure, (2) cancellation of the Trust Deeds, (3) quiet title, and (4) violation of California Civil Code § 789.3.  Plaintiffs' cause of action for breach of fiduciary duty is dismissed WITH PREJUDICE.

The Court DENIES the motion to dismiss as to the causes of action for: (1) violation of RESPA, Section 2605, (2) violation of RESPA, Section 2604, (3) violation of TILA, (4) violation of California Business and Professions Code § 17200, and (5) fraud in the inducement.

If Plaintiffs' choose to amend their complaint, Plaintiffs shall not add additional parties or causes of action without first filing a motion for leave to amend.

**IT IS SO ORDERED.**


**DATED:  July 23, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

09cv2694