# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET DAVIDSON and KAP CA, LLC AS TRUSTEE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., EMC MORTGAGE CORPORATION, STRUCTURED ASSETS MORTGAGE INVESTMENT II INC., WELLS FARGO BANK N.A. AS TRUSTEE, and DOES 1-5,<br><br>　　　　　Defendants. | **CASE NO: 09-CV-2694-IEG (JMA)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 42] |

　　　Presently before the Court is the motion to dismiss Plaintiffs Harriet Davidson and KAP CA, LLC'S (collectively, "Plaintiffs") Third Amended Complaint filed by Defendants Countrywide Home Loans, Inc. ("CHL"); BAC Home Loans Servicing, LP ("BAC"); Mortgage Electronic Registration System, Inc.; Landsafe Title Corporation; and ReconTrust Company, N.A.'s (collectively, "Defendants"). [Doc. No. 42.]

　　　This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court GRANTS Defendants' motion to dismiss.

///

**BACKGROUND**

The factual background for this case is set out in the Court's July 23, 2010, Order and will not be repeated herein. [Doc. No. 32.]

Davidson initiated this action on December 2, 2009. Defendants moved to dismiss. The Court granted-in-part and denied-in-part Defendants' motion. [Doc. No. 23.]

Davidson filed a First Amended Complaint ("FAC"), in which she added KAP as a Plaintiff. Defendants again moved to dismiss, and the Court granted-in-part and denied-in-part Defendants' motion. [Doc. No. 32.] Plaintiffs filed a Second Amended Complaint. The parties jointly moved for leave for Plaintiffs to file a Third Amended Complaint ("TAC") to add necessary parties and claims. The Court granted the parties' motion. [Doc. No. 41.] Plaintiffs filed the TAC. [Doc. No. 42.]

Plaintiffs' TAC alleges the following causes of action against the moving Defendants: Violations of 12 U.S.C. §§ 2604 and 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"); Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; Fraud in the Inducement; Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; Equitable Wrongful Foreclosure; Cancellation of Trust Deeds; Quiet Title, Cal Civil Procedure Code §§ 760.020, 760.030, and 761.020.[1]

**DISCUSSION**

**I. Legal Standard**

    **a. Federal Rule of Civil Procedure 12 (b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,

---

[1] The TAC also alleges a claim for Aiding and Abetting against EMC Mortgage Corporation and Structured Assets Mortgage Investment II Inc. Neither party has been served with the TAC or made an appearance before the Court.

337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Additionally, defenses based on relevant statutes of limitations may be raised on a Rule 12(b)(6) motion to dismiss when the statute's running is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). A court may, however, consider exhibits submitted with the complaint. Van Winkle v. Allstate Ins. Co., 290 F. Supp. 2d 1158, 1162 n.2 (C.D. Cal. 2003). In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus

3

may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Thus, this Court may consider pertinent loan and foreclosure documents submitted by the parties.

### b. Federal Rule of Civil Procedure 9(b)

Fraud claims must be pleaded to satisfy the particularity requirements of Rule 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pleaded with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

## II.   Analysis

### a. Tender Requirement for Causes of Action for Wrongful Foreclosure, Cancellation of Trust Deeds, and Quiet Title

Defendants argue Plaintiffs must tender the outstanding amount of debt to bring causes of action for wrongful foreclosure, cancellation of the Trust Deeds, and quiet title. Plaintiffs again argue they need not tender the full amount of the debt to challenge foreclosure. They instead claim they have satisfied the requirement by tendering the current fair value of the property, or, alternatively, by

rescinding the loan agreement. [See Pls.' Opp'n, at 8-11.] Plaintiffs' arguments run against well-established California law.

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003). "Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt." Montoya v. Countrywide Bank, 2009 WL 1813973, at *11-12 (N.D. Cal. June 25, 2009) (quoting quoting Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971)). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen, 15 Cal. App. 3d at 117; see Nguyen v. Wells Fargo Bank, N.A., --- F. Supp. 2d ---, 2010 WL 4348127, at *11 (N.D. Cal. Oct. 27, 2010). "[T]he law is long-established that a *trustor* or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." See United States Cold Storage v. Great Western Savings & Loan Ass'n, 165 Cal.App.3d 1223 (1985) (emphasis in original). The rule applies even in cases where the plaintiff was induced to enter into the agreement by fraudulent representations made by the defendant. Fleming v. Kagan, 11 Cal. Rptr. 737, 740 (Ct. App. 1961).

The Court has afforded Plaintiffs several opportunities to amend, yet Plaintiffs still have not alleged they are able or willing to tender the outstanding debt. Accordingly, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiffs' claims for Wrongful Foreclosure, Cancellation of Trust Deeds, and Quiet Title.

    **b. Real Estate Settlement Procedures Act**

        **i. 12 U.S.C. § 2605(e)**

Plaintiff's first cause of action alleges a violation of RESPA, 12 U.S.C. § 2605(e), against BAC. RESPA permits borrowers to send a qualified written request ("QWR") to the loan servicer of a federally regulated mortgage loan requesting information relating to the servicing of such loan. Id. § 2605(e)(1)(B). Within twenty days of receiving a QWR, the servicer must acknowledge receipt of the QWR with a written response. Id. § 2605(e)(1)(A).

Plaintiffs allege that "[o]n October 9, 2009, [Davidson's previous counsel] properly submitted a Qualified Written Request ("QWR") to BAC pursuant to 12 U.S.C. § 2605," which "requested information regarding servicing." [TAC ¶¶ 76-79.] Plaintiffs sufficiently allege BAC failed to acknowledge receipt of the QWR within twenty days.

However, several recent decisions have clarified that alleging a technical violation of § 2605 without also alleging actual damages resulting from that violation is insufficient to state a claim under RESPA. E.g., Solan v. Everhome Mortg. Co., 2011 WL 456013, at *3 (S.D. Cal. 2011); Molina v. Wash. Mut. Bank, 2010 WL 431439, at *7 (S.D. Cal. Jan 29, 2010) (citing several cases); see also ; Eronini v. JP Morgan Chase Bank NA, No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) ("The district court properly dismissed the action because Eronini suffered no damages as a result of the alleged RESPA violation.").

Plaintiffs' conclusory allegations that they "were damaged" and incurred legal fees are insufficient to maintain a claim under RESPA. See Solan, 2011 WL 456013, at *3; Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[S]imply having to file suit [does not] suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). Accordingly, the Court **DISMISSES** Plaintiffs' RESPA claim under 12 U.S.C. § 2605 **WITH LEAVE TO AMEND**.

### ii.    12 U.S.C. § 2604

Plaintiffs' second cause of action, brought against "Countrywide,"[2] also arises under RESPA, 12 U.S.C. § 2604. Plaintiffs allege Countrywide failed to provide or did not timely provide certain disclosures required by § 2604. [TAC ¶¶ 186-190.] Section 2604, however, provides no private right of action. Kerr v. Am. Home Mortg. Servicing, Inc., 2010 WL 3743879, at *1 (S.D. Cal. Sept. 23, 2010); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232-33 (S.D. Cal. 2009). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' RESPA claim under 12 U.S.C. § 2604.

---

[2] Plaintiff Davidson entered into separate agreements with two Countrywide entities. She obtained a purchase money loan from Countrywide Home Loans, Inc. ("CHL"), and a home equity line of credit ("HELOC") from Countrywide Bank, N.A. ("Countrywide Bank"). [See Defs.' Reply, at 6; Defs.' Mot. Dismiss, Exs. A ("Good Faith Estimate" for purchase money loan from CHL) and P (HELOC agreement with Countrywide Bank)]. The Court notes that, though Plaintiffs have made various allegations related to Davidson's HELOC, Countrywide Bank is not named as a defendant; nor do Plaintiffs make any specific allegations against Countrywide Bank.

**c. Truth in Lending Act**

Plaintiffs' third cause of action asks for rescission and damages under TILA, against Countrywide, MERS, and Wells Fargo. Defendants argue that neither KAP nor Davidson has standing to assert a TILA claim because Davidson transferred the subject property to KAP and KAP was not a borrower.

As an initial matter, Plaintiffs argue that Federal Rule of Civil Procedure 12(g)(2) precludes Defendants from challenging Plaintiffs' standing because Defendants did not raise the issue in their motion to dismiss Plaintiffs' FAC. Plaintiff misreads Rule 12(g)(2).

Rule 12(g) "applies to situations in which a party files successive motions under Rule 12 'for the sole purpose of delay . . . . Indeed, the only persons to whom Rule 12(g) presents a hazard are motion minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions.'" Kilopass Tech. Inc. v. Sidense Corp., 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010) (quoting Abarca v. Franklin Cnty. Water Dist., 2009 WL 1393508, at *2 (E.D. Cal. May 18, 2009)). In this case, Defendants have not brought successive motions under Rule 12 for the purpose of wasting time; rather, they have responded to Plaintiffs' multiple amended complaints. See Tofsrud v. Potter, 2010 WL 3363431, at *1 (W.D. Wash. Aug. 23, 2010) (noting that Rule 12(g)(2) does not prohibit filing motions under Rule 12 to challenge the sufficiency of claims asserted in amended complaints). Moreover, even if Defendants had brought successive motions, the Court has discretion to consider the arguments to expedite a final disposition on the issue. See In re Wash. Mut., Inc., Securities, Derivative & ERISA Litig., 2010 WL 4622514, at *5 (W.D. Wash. Nov. 3, 2010) (citing Larson v. Johnson, 2007 WL 3390883, at *3 (D. Ariz. Nov. 13, 2007)).

KAP was not the borrower, and therefore has no standing to assert a TILA claim. Wilson v. JPMorgan Chase Bank, NA., 2010 WL 2574032, *6 (E.D. Cal. June 25, 2010) (holding that a party who was "not a party to the loan contract and therefore is not an 'obligor' or 'consumer' with the right to rescind under TILA"); Johnson v. First Fed. Bank of Cal., 2008 WL 2705090, at *5 (N.D. Cal. Jul.8, 2008) (holding a party who was not named in the loan papers was not a "consumer" under TILA and therefore had no standing to bring a TILA claim). Plaintiffs provide no authority supporting the

proposition that KAP has standing to sue under TILA even though it was not a party to the loan. Accordingly, as it relates to KAP, Plaintiffs' TILA claim is **DISMISSED WITH PREJUDICE**.

Davidson's right to rescind under TILA expired when she transferred the property to KAP. 12 C.F.R. § 226.23(a)(3); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Plaintiffs baldly assert Davidson "has retained a right to the property which may be exercised under certain specific circumstances," [Pls.' Opp'n, at 13], but such a vague, unsupported claim is insufficient. See Iqbal, 129 S. Ct. at 1949. However, Davidson may be able to show she retains a sufficient interest in the property to establish standing to assert a TILA claim. Plaintiffs' TILA claim is **DISMISSED WITH LEAVE TO AMEND** as it relates to Davidson only.

### d. Fraud in the Inducement

Plaintiffs' fourth cause of action alleges fraud in the inducement against Countrywide. Plaintiffs allege Defendants fraudulently induced Davidson into obtaining loans she could not afford by failing to disclose material information. Plaintiffs allege Countrywide failed to disclose the material terms of the loan by: (1) "fabricat[ing]" the loan application; (2) concealing the fact that Davidson was not qualified for the Loans, (3) failing to fully disclose loan terms, including misleading her as to the terms of the second loan, (4) failing to make RESPA disclosures, (5) failing to make TILA disclosures, and (6) concealing the existence of a securitization scheme. [TAC ¶ 205.] Plaintiffs allege Countywide intended to induce Davidson into obtaining the loans. Had Countrywide disclosed the true terms of the transaction, Plaintiffs allege Davidson would have been alerted to the risks associated with the loans. [Id. ¶¶ 206-214.]

To the extent Plaintiffs base this claim on the allegation that Davidson obtained a loan from Defendants that she could not afford, or that Defendants concealed the fact that Plaintiff was not qualified for the loan, the claim fails as a matter of law. [Doc. No. 32, at 13 (July 23, 2010, Order)]; see, e.g., Cross v. Downey Savings & Loan Ass'n, 2009 WL 481482 (C.D. Cal. Feb. 23, 2009) (explaining a lender has no duty to determine the borrower's ability to repay the loan).

Defendants correctly argue the alleged failure to disclose the purported securitization scheme cannot form the basis for Plaintiffs' fraud in the inducement claim because a lender has no fiduciary duty to a borrower. [Doc. No. 32, at 13 (July 23, 2010, Order)]; Nymark v. Heart Fed. Sav. & Loan

Ass'n, 231 Cal. App. 3d 1089, 1095-96 (1991). Plaintiffs point to no authority suggesting CHL was required to disclose the alleged securitization scheme. Rather, they argue Davidson's mortgage broker, Kate Sappenfield, was an agent of "Countrywide," and that a mortgage broker has a fiduciary duty toward the borrower. [TAC ¶¶ 53-64]; [Pl.'s Opp'n, at 17]; see also Smith v. Home Loan Funding, Inc., ---Cal. Rptr. 3d---, 2011 WL 653652, at *2 (Cal. Ct. App. Feb. 24, 2011) (noting that mortgage brokers owe borrowers a fiduciary duty) (citing Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 782 (1979)). Plaintiffs do not, however, allege Sappenfield participated in or was otherwise aware of the securitization scheme. A party's alleged failure to disclose a fact of which she was unaware cannot support a claim for fraud.[3] See U.S. v. Laurienti, 611 F.3d 530, 539 (9th Cir. 2010) ("[W]hen dealing with a claim of fraud based on material omissions, it is settled that a *duty to disclose arises only when one party has information* that the other party is entitled to know . . . .") (internal quotation marks and citations omitted) (emphasis added).

Moreover, the terms of the Deed of Trust, signed by Davidson, explicitly authorized CHL to sell the Note, or a partial interest in the Note, and the Deed of Trust, without prior notice to Davidson. [Defs.' Mot. to Dism., Ex. T ¶ 20.]

Accordingly, Plaintiffs' claim for fraud in the inducement is **DISMISSED WITH PREJUDICE**.

    **e. California's Unfair Competition Law**

California's Unfair Competition Law ("UCL"), prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal- Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). By proscribing "unlawful" acts or practices, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

---

[3] Additionally, Plaintiffs fail to differentiate the alleged conduct of CHL and Countrywide Bank. The TAC does not make any specific allegations against Countrywide Bank, the entity that issued Davidson's HELOC. The Court notes that any claims Plaintiffs intended to allege for fraud in the inducement related to the HELOC suffer the same deficiencies discussed above with regard to Plaintiff's allegations against CHL.

Plaintiffs admit their UCL claim is derivative of their claims for fraud and violations of TILA and RESPA. [Pls.' Opp'n, at 19.] Because Plaintiffs failed to adequately state the antecedent causes of action, Plaintiffs' UCL claims fail.[4] Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001).

Moreover, to have standing to bring a claim under the UCL, a plaintiff must have "suffered injury in fact and ha[ve] lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. Plaintiffs' UCL claim also falls because it fails to plead that Plaintiffs actually suffered injury or economic loss as a result of the practices identified in the UCL action. See Californians for Disability Rights v. Mervyn's, LLC, 19 Cal. 4th 223, 228 (2006).

Accordingly, Plaintiffs' UCL claim is **DISMISSED**. To the extent it derives from Plaintiff's RESPA claim arising under 12 U.S.C. § 2605 and Plaintiffs' TILA claim relating solely to Plaintiff Davidson, Plaintiffs' UCL claim is **DISMISSED WITH LEAVE TO AMEND**. To the extent Plaintiffs' UCL claim derives from their fraud in the inducement claim, it is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons set forth above:

1. Plaintiffs' causes of action for Wrongful Foreclosure, Cancellation of Trust Deeds, Quiet Title, and fraud in the inducement are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's cause of action arising under 12 U.S.C. § 2605 of the Real Estate Settlement Procedures Act is **DISMISSED WITH LEAVE TO AMEND**; Plaintiffs' cause of action arising under 12 U.S.C. § 2604 of the Real Estate Settlement Procedures Act is **DISMISSED WITH PREJUDICE**;

3. Plaintiffs' cause of action for violations of the Truth In Lending Act is **DISMISSED WITH PREJUDICE** as to Plaintiff KAP; it is **DISMISSED WITH LEAVE TO AMEND** as to Plaintiff Davidson; and

4. Plaintiffs' cause of action under California's Unfair Competition Law is **DISMISSED WITH LEAVE TO AMEND**.

---

[4] However, to the extent Plaintiffs' RESPA claim arises under 12 U.S.C. § 2605 and Plaintiffs' TILA claim relates solely to Plaintiff Davidson, the Court dismissed the antecedent causes of action with leave to amend.

5. Plaintiffs may file an amended complaint within twenty (20) calendar days from the date of this Order.  Should Plaintiffs fail to amend the complaint within the time permitted or fail to address the deficiencies discussed in this Order, Plaintiffs' remaining claims will be dismissed **WITH PREJUDICE.**

6. If Plaintiffs decide to amend their complaint, no additional parties or causes of action shall be included without first filing a motion for leave to amend.

**IT IS SO ORDERED.**

DATED:  3/29/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**